Dear Chief Scott:
This office is in receipt of your request for an opinion of the Attorney General in regard to the power of the Mayor, Council and Auditor over the Maringouin Police Department where you are the elected Chief of Police. With regard to your authority in relationship to that of the Mayor you set forth the following questions:
 1. Reducing traffic violations, citations, dropping charges;
 2. Collecting money for fines, warrants, tickets, etc. (Can auditors insist on town clerk receiving payments);
3. Hiring of a qualified employee;
 4. What rights/power do the Mayor and Council have in regards to my police department;
 5. What rights/power do I have over my police department, employees, municipality; and
 6. What rights/power do I have in regard to special grants awarded to my department, (What are my spending rights) (what are my hiring rights).
This office has stated in Atty. Gen. Op. No. 93-313 as follows:
 Thus, in summation, it is the opinion of this office that the power to dismiss citations is granted primarily to the prosecuting attorney and secondarily to the court. The court can only dismiss a citation if a legal defect exists in the proceedings or after trial for legally insufficient evidence. A mayor who has appointed a magistrate to preside over the Mayor's court relinquished all authority to dismiss citations. A chief of police may not dismiss a citation once it has been issued. Once a citation has been issued, it can be dismissed or "nolle prosequied" at the sole discretion of the prosecutor. If the citation is dismissed prior to the first witness being sworn at trial or if the citation is dismissed after the first witness is sworn at trial but with the defendant's consent, then subsequent prosecution for the charges dismissed is not barred. Upon consent of the defendant, the prosecutor may dismiss the citation even after the first witness is sworn.
Fine and forfeitures must go to the town clerk to be deposited into the town treasury in accordance with R.S. 33:422
which provides, in pertinent part, the following:
 The clerk shall be the auditor of the municipality. He shall keep a book in which he shall enter and preserve accounts of each particular fine and the accounts of each municipal officer. The treasurer shall not receive money from any source until the same has been reported to the clerk and audited and a receipt warrant issued therefor. All fines and forfeitures shall be reported by the officer collecting the same, immediately after such collection, and be paid into the treasury.
There have been numerous opinion of this office which refer to R.S. 33:432(A) which provides a elected chief of police "shall make recommendations to the mayor and board of aldermen for appointment of police personnel, * * * and for dismissal of police personnel." Thus, the final authority for hiring and firing rests with the mayor and board of aldermen upon a recommendation from the chief of police.
In answer to your inquiry about the power of the mayor and council over the police department in relation to that of the Chief of Police, the Chief of Police is the final authority in the day-to-day operation of his office and equipment in regard to the carrying out his duty of enforcement of all ordinances within the municipality and all applicable state laws. Despite this authority, the Board of Aldermen have authority over the budget for the department. Once the mayor and aldermen have budgeted and appropriated money for the police department, the authority to allocate the expenditure of these funds rests with the elected chief of police. However, R.S. 33:462 requires all expenditures of municipal funds be made pursuant to a specific appropriation authorized by a municipal ordinance. Therefore, while the mayor is not given the power to supervise and control the police department of an elected chief of police, the chief of police's inherent authority over his department is limited in its application for the expenditure of police department funds inasmuch as it is required that all expenditures of municipal funds be made pursuant to a specific appropriation authorized by a municipal ordinance with all warrants drawn on the treasury expressing on its face to whom it was issued, for what purpose and the ordinance authorizing the issuance of the warrant.
This is a generalization of the powers and authority with respect to the chief of police over the police department, and a more specific answer can be given to more specific questions if necessary.
The rights you have in regards to special grants will depend upon the provisions of the grant. You must comply with the rules and regulations governing grants from either the federal government or any other person or agency. However, it should be noted that the requirement of Art. VII, Sec. 9(A) that all money received by the state shall be deposited in the state treasury does not apply when it is from a grant or donation when the terms and conditions thereof require otherwise.
We hope this general information is helpful but if we can be of further assistance, do not hesitate to contact us for more specific inquiries.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ______________________________ BARBARA B. RUTLEDGE Assistant Attorney General